**UNITED STATES of America, Appellant,**

v.

**Francis MARIANI, Defendant-Appellee,**

**Louis Fargnoli, Francis Mariani, and Daniel Miller, Defendants.**

No. 344, Docket 83–1221.

United States Court of Appeals, Second Circuit.

Argued Oct. 18, 1983.

Decided Jan. 12, 1984.

---

4. Subclasses may also be necessary here because of variations in state law governing the award of punitive damages.

Gregory A. West, Sp. Atty., U.S. Dept. of Justice, Organized Crime and Racketeering Section, Syracuse, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Syracuse, N.Y., of counsel), for appellant.

John E. DeFrancisco, Syracuse, N.Y., for defendant-appellee.

Before VAN GRAAFEILAND and MESKILL, Circuit Judges, and BONSAL, District Judge.*

MESKILL, Circuit Judge:

The government appeals from a judgment of acquittal in favor of appellee Mariani entered in the United States District Court for the Northern District of New York pursuant to Fed.R.Crim.P. 29(c). Judge McCurn granted the Rule 29(c) motion and set aside the guilty verdict against appellee for conspiring to steal money of the United States in violation of 18 U.S.C. § 641 (1982). The government claimed that defendant planned to sell to Drug Enforce-

---

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

ment Administration (DEA) agents what was purported to be, but was not in fact, a controlled substance. The charge against Mariani was included in a six count superseding indictment against Louis Fargnoli and Daniel Miller who, in addition to being charged with one count of conspiracy to violate 18 U.S.C. § 641, were also charged with one count of unlawfully conspiring to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982), two counts of unlawfully possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1982), and two counts of unlawfully distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1982). Mariani made a motion to·sever which was denied. The defendants were found guilty on all counts charged, except for Fargnoli who was acquitted on the section 641 count. Mariani was found guilty of conspiring to steal money of the United States, the only charge filed against him.

We reverse the judgment and remand with instructions to reinstate the jury verdict and for further proceedings.

## BACKGROUND

The jury had before it the following evidence. Mariani owned an auto repair shop at which Daniel Miller was an employee. James Horney, an informant for the DEA, contacted Miller at Mariani's shop on several occasions to arrange drug purchases. Horney arranged for two DEA undercover agents to purchase from Miller one pound of methamphetamine for $22,000. The transaction was to take place on December 1, 1982 at a Howard Johnson's restaurant in Binghamton, New York.

Miller and Mariani left the auto repair shop separately on the afternoon of December 1. Miller was later dropped off at the restaurant by an unidentified person driving a blue Lincoln automobile. Miller entered the restaurant and told the agents and Horney that "my man" did not want to consummate the transaction there and that they would have to go to a nearby Burger King to conclude the deal. The DEA agents agreed to the change of plans and all four men departed with Miller riding in Horney's car followed by the DEA agents in another car. Horney patted Miller's chest once while en route to the Burger King and did not detect any package on his person.

When the group arrived at the Burger King parking lot, Mariani was sitting in a blue Lincoln parked in an isolated area. Horney drove in first, parked near the restaurant building and was followed by the DEA agents who parked in front of the Lincoln. The agents observed that the Lincoln's parking lights were on as they drove in and that the headlights were turned on when they approached the car.

Miller, with his jacket unzipped, got out of Horney's car and walked over to the agents' vehicle. Miller pointed to the Lincoln and said "my man's sitting over there" and "you wait here, I've got to go over there and get the package." Miller then walked to the Lincoln and spoke to Mariani through the window on the driver's side. Miller got into the Lincoln through the door on the passenger's side and remained in the car for a short time. When he got out, his jacket was zipped and he cradled his arms against his body.

Miller then walked back to the DEA agents' car, got in and handed a package to the agents. Miller was immediately arrested. Surveillance agents then arrested Mariani, who was seated in the front seat of the Lincoln. When arrested, Mariani stated that, "All I did was give a friend a ride."

Miller and Mariani were transported together to the Binghamton Public Safety Building. While en route, Miller asked the agents why he had been arrested and was told that the charge was selling a controlled substance. Miller stated that the agents should check the package because it did not contain controlled substances. Mariani was taken to Syracuse later that evening. During the trip he remarked that "you guys don't have what you think you got." A subsequent laboratory analysis revealed

that the package contained no traces of methamphetamine.

The jury found Mariani guilty of violating 18 U.S.C. § 641.[1] However, the district court concluded that a reasonable jury could not find him guilty of conspiracy beyond a reasonable doubt and granted Mariani's Rule 29(c) motion for acquittal. That decision appeared to be partly premised on the court's questioning its own earlier ruling denying Mariani's motion for a severance. Judge McCurn stated his belief that evidence introduced against defendants Miller and Fargnoli on the other five counts "spilled over" onto Mariani despite a jury instruction to the contrary. This appeal by the government followed.

## DISCUSSION

 When a defendant moves for a judgment of acquittal, the Court

must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If [it] concludes that upon the evidence there must be such a doubt in a reasonable mind, [it] must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted. If [it] concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [it] must let the jury decide the matter. (footnotes omitted).

*United States v. Taylor,* 464 F.2d 240, 243 (2d Cir.1972) (quoting *Curley v. United States,* 160 F.2d 229, 232–33 (D.C.Cir.), *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947)). *Accord United States v. Lieberman,* 637 F.2d 95, 104–05 (2d Cir.1980). *See Jackson v. Virginia,* 443 U.S. 307, 318–

19 n. 11, 99 S.Ct. 2781, 2788 n. 11, 61 L.Ed.2d 560 (1979). A reasonable mind must be able to conclude guilt on each and every element of the charged offense. *See United States v. Macklin,* 671 F.2d 60, 65 (2d Cir.1982) (citing *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 323 (1970)). However, "all reasonable inferences are to be resolved in favor of the prosecution and the trial court is required to view the evidence in the light most favorable to the Government with respect to each element of the offense." *United States v. Rodriguez,* 702 F.2d 38, 41 (2d Cir.1983) (quoting *United States v. Artuso,* 618 F.2d 192, 195 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980)). The evidence is to be viewed "not in isolation but in conjunction." *United States v. Geaney,* 417 F.2d 1116, 1121 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970). These strict rules are necessary to avoid judicial usurpation of the jury function. The court should not substitute its own determination of the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn for that of the jury. *Rodriguez,* 702 F.2d at 41 (citations omitted).

 Mariani was charged with conspiracy to steal money of the United States. 18 U.S.C. § 641 (1982). To convict him the jury had to find beyond a reasonable doubt that he participated in the conspiracy rather than merely associated with the conspirators. *See United States v. Terry,* 702 F.2d 299, 320 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Ragland,* 375 F.2d 471, 477 (2d Cir.1967), *cert. denied,* 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968) ("illicit association"). Conspiracy can be proven circumstantially; direct evidence is not crucial. *See United States v. Barnes,* 604 F.2d 121, 156 (2d Cir.1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). Seemingly innocent acts taken individually

---

1. 18 U.S.C. § 641 (1982) provides in pertinent part:

 Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . .

 Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

may indicate complicity when viewed collectively and with reference to the circumstances in general. *See United States v. Carson,* 702 F.2d 351, 362 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).

Although the district court correctly enunciated the governing principles it failed to apply them properly. The court found Mariani's presence at the scene of the sale to be "consistent with [his] spontaneous explanation upon arrest, that he was 'giving a friend a ride.'" The court also discounted Mariani's post-arrest statement that "you guys don't have what you think you got" by stating that the weight given to the statement "must be considered in light of the strong possibility that Mariani was merely echoing what he had heard Miller say earlier." In so doing, the district court substituted its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury. This was error.

■ The court's analysis should have addressed the question of whether, based upon all of the relevant evidence introduced against Mariani, a reasonable jury could have concluded beyond a reasonable doubt that he was guilty of conspiring to violate 18 U.S.C. § 641. Miller's references to Mariani as "my man" and his conversation with Mariani through the car window prior to entering the Lincoln to pick up the bogus drugs, under the circumstances and when taken as a whole, could establish in the minds of a reasonable jury Mariani's illicit association with the conspiracy. Potentially harmful to Mariani was his post-arrest statement because it might indicate his knowledge that the package did not contain drugs. Resolving all reasonable inferences in favor of the government and viewing all of the evidence in the light most favorable to the government, we believe that a reasonable mind could fairly conclude guilt beyond a reasonable doubt. The judgment of acquittal was therefore improper.

Because Mariani is the appellee in this case, our decision is without prejudice to any motions Mariani may properly make

below. Also, we express no opinion on any issues that Mariani may raise on appeal that were neither briefed nor argued.

Reversed and remanded with instructions to reinstate the jury verdict and for further proceedings.

BONSAL, District Judge (dissenting):

I respectfully dissent.

In granting Mariani's motion for acquittal under Fed.R.Crim.P. 29(c), the trial judge stated:

The Court has reviewed the evidence presented against Mariani as required, "in a light most favorable to the government and 'not in isolation but in conjunction'". *United States v. Terry,* 702 F.2d 299 at 321 (2d Cir.1983) *quoting, United States v. Geany* [sic], 417 F.2d 1116, 1121 (2d Cir.), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). I am nevertheless unable to say that a jury might reasonably conclude beyond a reasonable doubt that Mariani willfully became a member of the conspiracy.

The trial judge had properly instructed the jury that "In determining whether a defendant was a member of an alleged conspiracy ... the jury should consider only that evidence, if any, pertaining to his own acts and statements." The jury did not follow this instruction, perhaps because of its findings with respect to the drug counts in which Mariani was not named, and the trial judge stated:

After reviewing the evidence in a light favorable to the government, the Court finds that the evidence of Mariani's participation in an agreement to steal money from the federal government is simply too meager for a reasonable juror to find Mariani guilty beyond a reasonable doubt.

I find nothing to indicate that the trial judge's conclusion was erroneous. He had the opportunity to observe the witnesses and to consider the evidence presented in the course of the trial. The effect of a

reversal will mean only that Mariani may appeal his conviction. In the interest of judicial economy, I would prefer to see the proceeding ended now.

Accordingly, I would affirm.