**UNITED STATES of America**

v.

**Ceasare THOMAS, a/k/a "Chet", Myron Thomas, Lamont Joseph, and Santos Bolden, Defendants.**

No. 94–CR–181.

United States District Court,
N.D. New York.

July 6, 1995.

**60**

John P. Miller, Albany, NY, for defendant Lamont Joseph.

David Brickman, Albany, NY, for defendant Santos Bolden.

Christopher W. Hall, Ballston Spa, NY, for defendant Myron Thomas.

Herrmann & Pelagalli, Paul Pelagalli, Clifton Park, NY, for defendant Ceasare Thomas.

Thomas J. Maroney, U.S. Atty., N.D.N.Y., Barbara D. Cottrell, Albany, NY, for the government.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Defendants Ceasare Thomas, Myron Thomas, Lamont Joseph and Santos Bolden have moved, pursuant to Fed.R.Cr.P. 29, for judgments of acquittal following their convictions after a jury trial on various Title 21 violations. Alternatively, they move for new trials pursuant to Fed.R.Cr.P. 33.

More specifically, Myron Thomas moves for a judgment of acquittal on Count One, the conspiracy charge, on grounds that there was insufficient evidence for the charge to go to the jury, and moves for a new trial on all counts on the basis that the government failed to provide material impeachment information to the defense on government witness Anthony Hulett as required under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Ceasare Thomas moves for acquittal or a new trial based on the government's failure to turn over certain *Brady* material prior to trial and due to audience members walking in the same direction as the jurors after leaving the courthouse on one occasion. Thomas also asserts that there was sufficient evidence to convict him on the conspiracy charge and that insufficient curative instructions were given to the jury regarding his prior criminal conviction and prison term when it was made known to the jury at trial.

Lamont Joseph moves for acquittal or a new trial based on his assertion that there was insufficient evidence presented to the jury to support his conviction on the conspiracy charge.[1] He also asserts the same concerns about the audience and juror situation as previously stated along with the failure of the government to provide him with certain *Brady* and *Jencks* material.

Santos Bolden moves for a judgment of acquittal and/or a new trial on the basis that the government failed to turn over certain exculpatory evidence about him prior to trial and because he was not informed that Lamont Pouncie would be a government witness at trial. According to Bolden, Pouncie provided much, if not all, of the information used to convict him of the conspiracy charge. Bolden also asserts that certain jurors were concerned about members of the trial audience walking in the same direction as them after leaving the courthouse on a particular occasion. Bolden asks for acquittal or new trial due to the alleged influence of these audience members on the jurors, or at the very least, asks that a hearing be held to

---

1. Joseph has also provided the court with a letter in which he describes various weaknesses in the testimony presented against him at trial. The court has considered this in reviewing the Rule 29 and 33 motions, but finds no basis in the letter for granting either motion.

determine the extent of "extra-record" information discussed by the jury.

## II. DISCUSSION

### A. Standard for Rule 29 Motions

▬ In deciding a motion for acquittal based on insufficient evidence in a criminal trial, the court must determine whether upon the evidence, giving full effect to the right of the jury to judge credibility, weigh the evidence and draw reasonable inferences, a reasonable person might fairly conclude that the defendant is guilty beyond a reasonable doubt. *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir.1984). "A reasonable mind must be able to conclude guilt on each and every element of the charged offense." *Id.* The burden placed on the defendant to meet this standard is very heavy. *United States v. Strauss*, 999 F.2d 692, 696 (2d Cir.1993). All possible inferences which could have been drawn must be credited in favor of the government, and the evidence is to be viewed "not in isolation but in conjunction." *Id.* (citations omitted). Furthermore, the government need not have "precluded every reasonable hypothesis consistent with innocence." *Id.* (citations omitted). "A conviction may be based on circumstantial evidence and inferences based upon the evidence," and "the jury is exclusively responsible for determining a witness' credibility," not the court. *Id.* More specific to this case:

> [a] conviction may be sustained on the basis of the testimony of a single accomplice, so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. Any lack of corroboration goes to the weight of the evidence, not to its sufficiency, and a challenge to the weight of the evidence is a matter for argument to the jury ...

*United States v. Gordon*, 987 F.2d 902, 906 (2d Cir.1993) (citations omitted).

▬ This standard of deference is particularly important in regard to convictions on conspiracy charges because conspiracy is naturally a clandestine offense, and often, the illegal agreement is not entered into openly. *United States v. Nusraty*, 867 F.2d 759, 762 (2d Cir.1989). "Once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming." *Id.* (citations omitted).

### 1. Defendant Myron Thomas

Defendant Myron Thomas claims that the evidence presented at trial was insufficient to allow the jury to return a guilty verdict on the conspiracy charge against him. However, taking the evidence in the light most favorable to the government, the court cannot find this allegation to be true.

▬ As the *Nusraty* court stated, in a conspiracy "it is not necessary, in fact, that all the parties ever have direct contact with one another, or know one another's identity, or even communicate verbally their intention to agree ... the jury must usually infer its existence from the clear co-operation among the parties." *Id.* "To be convicted, a conspirator, if he agreed to join an unlawful endeavor, need not have known all of the details of the broader conspiracy at the time he agreed to enter the scheme ... [however,] there must 'be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.' " *Id.* at 763, *quoting, United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir.1984).

▬ In this case, defendant Myron Thomas points out that only two of the nine informants who testified at trial specifically identified him in connection with drugs. However, two informants, Lamont Pouncie and Anthony Hulett, did so. Hulett testified that he made three controlled drug buys from Myron Thomas in 1993. Pouncie testified as to persons who entered Myron Thomas' residence. Furthermore, the government produced physical evidence which included approximately 20 grams of cocaine, a hand scale and two baggies from Myron Thomas' residence. The government also introduced eight of Myron Thomas' phone conversations recorded during a wiretap. Regardless of the assertions that this evidence did not show a knowing agreement to conspire, the court, in viewing all the evidence in conjunction and in the

light most favorable to the government, and leaving the duty of assessing the weight and credibility of the evidence to the jury, finds that a reasonable mind would be able to conclude guilt on each element of the conspiracy charge. Therefore, defendant Myron Thomas' motion for acquittal pursuant to Rule 29 is denied.

### 2. Defendant Ceasare Thomas

■ Defendant Ceasare Thomas also claims that the evidence presented at trial was insufficient to allow the jury to find him guilty on the conspiracy charge. However, examining the evidence in the light most favorable to the government, the court cannot find this allegation to be true.

Chester Perkins testified at trial that he purchased cocaine from Ceasare Thomas on two occasions in 1993 and that he acted as a "middle man" in obtaining cocaine for him. Andre Nunn testified that he purchase cocaine from Ceasare Thomas five or six times in 1993 and that transactions occurred at the Ida Yarborough Apartments. Timothy Thomas testified that he purchased cocaine from each of the defendants. Larry Scales testified that he purchased 10 ounces of cocaine from Ceasare Thomas. Evidence of phone calls involving Ceasare Thomas from a wiretap was also introduced. Thomas was also arrested at 40 Ida Yarborough where much of the drug dealing testified to at trial took place. The court, in viewing all the evidence in conjunction and in the light most favorable to the government, and leaving the duty of assessing the weight and credibility of the evidence to the jury, finds that a reasonable mind would be able to conclude guilt on each element of the conspiracy charge. Therefore, defendant Ceasare Thomas' motion for acquittal pursuant to Rule 29 is denied.

### 3. Defendant Lamont Joseph

Defendant Joseph moves for acquittal pursuant to Rule 29, or alternatively for a new

trial pursuant to Rule 33, basing both motions on the same argument: that the evidence of conspiracy involving him was insufficient to support a conviction.[2] However, Lamont Pouncie testified that he had discussed defendant Joseph with Ramse Thomas who told him that Joseph had money for Ramse from Joseph's sale of drugs. This conversation was entered into evidence and was admissible pursuant to Fed.R.Evid. 801(d)(2)(E). Timothy Thomas also testified that he purchased drugs from Joseph at Ida Yarborough on a few occasions.

■ Joseph notes that co-defendant Raymond Eaddy was acquitted although the evidence against him was comparable to that against Joseph. However, as the jury was instructed, it is the duty of the jury to consider each defendant separately, and the fact that one defendant was acquitted on similar evidence does not provide grounds for similar acquittals for other defendants as a matter of law. Thus, in viewing all the evidence in conjunction and in the light most favorable to the government, and leaving the duty of assessing the weight and credibility of the evidence to the jury, the court finds that a reasonable mind would be able to conclude guilt on each element of the conspiracy charge. Therefore, defendant Lamont Joseph's motion for acquittal pursuant to Rule 29 is denied.

### 4. Defendant Santos Bolden

■ Defendant Bolden claims that the government withheld exculpatory material regarding him until the time of trial in violation of *Brady v. Maryland, supra.* More specifically, he claims that Lamont Pouncie, the main government witness against him at trial, provided incorrect or untruthful information about Bolden's alleged role in the drug conspiracy which DEA Agent Delgado used as part of his grand jury testimony and later learned was false. Defendant Bolden claims that it was upon learning that the information provided by Pouncie regarding

**2.** Defendant Joseph has moved for Rule 29 acquittal, or alternatively for a new trial pursuant Rule 33. It appears from the motion papers that he only moves for acquittal based on insufficient evidence and that the other arguments presented in his papers relate to the Rule 33 motion. The

court has treated it as such, in light of the fact that the same approach was used by defendants Myron and Ceasare Thomas and appears to be the only logical way to approach the motions based on the papers presented.

Bolden was false that the government stopped using Pouncie as a confidential informant and arrested him. Defendant claims that such a finding of false testimony by Pouncie was *Brady* exculpatory evidence which the government had a duty of handing over to the defendant as soon as it was learned, but did not do so.

The government states that defendant Bolden was provided with statements made by Lamont Pouncie prior to his trial testimony pursuant to 18 U.S.C. § 3500 and states that defendant Bolden's motion is based largely on speculation as to the reason for Pouncie's arrest. After reviewing the trial testimony on which defendant Bolden asserts his argument, most importantly the trial testimony of DEA Agent Delgado, the court agrees with the government that defendant Bolden's theory is speculative. Agent Delgado at no point testified that Pouncie was arrested for providing false information, but rather testified that Pouncie was arrested because it became known to law enforcement officers that Pouncie was a member of the conspiracy himself. Although Agent Delgado stated that he realized that Pouncie had not been entirely truthful with law enforcement agents, this was related to the fact that Pouncie had not disclosed that he was "trying to protect certain individuals" and did not relate to the information Pouncie gave law enforcement officials regarding defendant Bolden. Thus, the court does not find that *Brady* material was withheld from defendant Bolden.

Defendant Bolden also states that it appears from the record that one conspiracy from January 1, 1989 to May 5, 1994 was not proven. However, he does not supply any further support for this contention, and so, the court does not find it a valid ground for acquittal. Therefore, defendant Bolden's Rule 29 motion is denied.

## B. Standard for Rule 33 Motions

 Whether to grant a motion for a new trial pursuant to Fed.R.Cr.P. 33 rests in the broad discretion of the trial judge. *United States v. Rodriguez*, 738 F.2d 13, 17 (1st Cir.1984). The burden of proving the need for a new trial lies with the defendant. *Unit-*ed States v. Soblen, 203 F.Supp. 542, 564 (S.D.N.Y.1961). Unlike a Rule 29 motion, the judge in deciding whether to grant a Rule 33 motion may weigh the evidence and determine the credibility of witnesses. *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992). The court is not required to view the evidence in the light most favorable to the government. *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980). Despite this, the court's discretion is somewhat limited in that it should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.* Such motions are not favored and should be granted only with great caution in exceptional circumstances. *United States v. Costello*, 255 F.2d 876, 879 (2d Cir.1958); *Soblen*, 203 F.Supp. at 564.

## 1. Defendant Myron Thomas

 Defendant Myron Thomas claims that the government failed to disclose material impeachment evidence concerning its witness Anthony Hulett in violation of *Brady v. Maryland*, *supra*, and thus, a new trial is required. Both exculpatory evidence about the defendant and inculpatory evidence regarding government witnesses falls under the *Brady* requirements. However, the failure to turn over such information to the defendant only requires a reversal of the conviction if the "omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

 Defendant Myron Thomas claims that the government's failure to disclose the extent of Hulett's heroin use and payment by the government until November 22, 1994, and the failure to reveal Hulett's methadone treatment until during trial denied his right to a fair trial. The trial in this matter did not begin until December 5, 1994, and so, any information provided on November 22, 1994 was timely and therefore could not have denied defendant's right to a fair trial. *See United States ex rel. Lucas v. Regan*, 503

F.2d 1, 3 n. 1 (2d Cir.1974) (finding the production of impeachment material on government witnesses timely when produced during trial). It has generally been the practice of this court for the government to turn over such impeachment material near the beginning of trial, and so no violation of defendant's rights took place by the disclosure before trial.

■ Additionally, the government points out that it did not possess any of Hulett's private medical or treatment records nor should it have, and so, was not required to provide the defendant with such documentation at trial. The government also notes that Hulett was extensively cross-examined by defendant's attorney as to payments received from the government, his drug habit, and favorable treatment by the DEA. The defendant also mentions the extent of information brought out during cross-examination. Thus, even if the court could find that the government had violated the *Brady* rule, it could not find that defendant's right to a fair trial had been violated. Defendant, by his own admission, was clearly able to cross-examine Hulett and present impeachment material regarding these issues to the jury. Thus, defendant Myron Thomas' motion for a new trial pursuant to Rule 33 is denied.

### 2. Defendant Ceasare Thomas

Ceasare Thomas also moves for a new trial on the basis that references by government witnesses to his prior incarceration unduly prejudiced him. Second, he claims, as did Myron Thomas, that he was not provided with certain *Brady* materials. Third, defendant claims that extra-record information in the form of comments by jurors that they were being followed to their cars by members of the trial audience provides grounds for a new trial, or at the very least, a hearing on the matter.

■ First, the statements regarding prior incarcerations were made in reference to dates on which certain transaction had occurred. None of these statements were prompted by the government, but rather were freely made by the witness. Curative instructions were given when requested and the redacted material was omitted from reading backs of testimony to the jury. The court is satisfied that in light of the evidence presented against defendant Ceasare Thomas, and the context and brief nature of these redacted comments, the curative instructions were sufficient to avoid a miscarriage of justice.

Second, in regard to the *Brady* material issue, defendant Ceasare Thomas makes the same argument about impeachment material on government witness Anthony Hulett as set forth by defendant Myron Thomas. The court, relying on the same reasoning used in deciding Myron Thomas' motion, similarly rejects this as a basis for a new trial pursuant to Rule 33 in the case of Ceasare Thomas.

■ Third, defendant claims that extra-record information was discussed by the jurors. In the course of jury deliberations it came to light that one juror had attempted to contact the FBI in order to express fears stemming from what appeared to be spectators in the trial audience walking in the same direction when she went to her car after leaving the courtroom. When extrarecord influence has been shown, the court must determine objectively the likelihood that such influence would affect the average juror. *Bibbins v. Dalsheim*, 21 F.3d 13, 17 (2d Cir.1994). In regard to a motion for a new trial based on extrarecord information which may have reached the jury, the court must determine whether the jury was exposed to such information, and if so, whether such information was prejudicial, and if so, whether the government has shown beyond a reasonable doubt that the information did not contribute to an adverse verdict against the defendants. *United States v. Caro–Quintero*, 769 F.Supp. 1564, 1573 (C.D.Cal.1991).

The court conducted an inquiry into this matter soon after it became known and several jurors indicated that they had similarly observed members of the trial audience while going to their cars and had discussed this among the jurors. However, during the inquiry the court asked the jurors if there was anything about the situation which would impair their ability to deliberate impartially. The jurors responded in the negative. Thus, the court remains satisfied that the incident,

and any discussions among the jurors afterward, did not have a sufficiently injurious effect on the jurors so as to prejudice the defendants. The court believes that the hearing conducted during trial was sufficient to alleviate any concerns that the jurors would not be able to deliberate impartially, and so, another hearing is not necessary. The result of the prior hearing also satisfies the court that a new trial is not warranted because the jurors themselves stated that they were not prejudiced by the incident. Thus, defendant's Rule 33 motion is denied.

### 3. Defendant Lamont Joseph

It appears from the memorandum of law in connection with defendant Lamont Joseph's motions that he only moves for a new trial on the grounds that the jury may have been prejudiced by the incident with the audience members previously described. He seeks a new trial, or at the least, a hearing on the matter. However, as stated in regard to Ceasare Thomas' same motion, the court is satisfied that the jurors were not prejudiced by the incident and that the prior hearing was sufficient to establish that fact.

Also, defendant Joseph has submitted that insufficient evidence of his involvement in the conspiracy should act as a basis for a new trial should the court determine that it does not provide a basis for acquittal. However, Joseph does nothing more than recite the standard for a new trial under Rule 33 and provide the same facts as to insufficient evidence. Although in deciding a Rule 33 motion, the court may examine the weight of the evidence and the credibility of the witnesses, *Sanchez,* 969 F.2d at 1413, the burden of proving the need for a new trial lies with the defendant, *Soblen,* 203 F.Supp. at 564, and the court should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Lincoln,* 630 F.2d at 1319. Again, the court finds no problem with the strength of the evidence presented in regard to defendant Joseph, and without more than the bare standard and the recitation of facts provided by defendant Joseph, the court is unable to as-

certain the true nature of his motion for a new trial based on insufficient evidence, and so, the motion is denied.

Additionally, defendant Joseph asserts that he was not provided with *Brady* impeachment material on government witnesses Lamont Pouncie and Timothy Thomas. He claims that the government did not provide records of Timothy Thomas' treatment or diagnosis of crack addiction. However, the government has made clear that it had no such documentation in its possession, nor should it have had such information, and so, they did not violate the *Brady* requirements. The court denies this basis for the Rule 33 motion on the same grounds as it did in the other defendant's similar motions regarding government witness Anthony Hulett.

Defendant Joseph also claims that he was not provided with Lamont Pouncie's plea colloquy or certain statements made by Pouncie to law enforcement officers. The government notes that all statements by Pouncie were turned over to the defendant and that the plea entered by Pouncie is a matter of public record. The government also notes that the defendant was informed of when that plea took place, and that because it occurred in open court, it was available to the defendant and there was no obligation on the government to have it transcribed. Finding the statements of the government to be true, the court denies defendant Joseph's motion pursuant to Rule 33 on these grounds as well.

### 4. Defendant Santos Bolden

Defendant Bolden, like the other defendants, asserts the jury incident provides grounds for a new trial. The court denies this motion based on the same reasons it denied this motion in regard to the other defendants. Bolden also uses the same grounds stated in his Rule 29 motion as grounds for an alternative grant of a new trial pursuant to Rule 33. Having found no *Brady* violation and having found that Bolden has supplied no facts to support the notion that a single conspiracy was not established at trial, the court does not find valid grounds for a new trial.

### III. CONCLUSION

In summary, the court hereby denies all Rule 29 motions for acquittal and all Rule 33 motions for a new trial presented by the defendants Myron Thomas, Ceasare Thomas, Lamont Joseph, and Santos Bolden.

**IT IS SO ORDERED.**