UNITED STATES

v.

Tyrone WALKER, Walter Diaz, and Anthony "Tony" Walker, Defendants.

No. 94–CR–328.

United States District Court, N.D. New York.

June 21, 1996.

United States Attorney, Binghamton, NY (Miroslav Lovric, Bernard J. Malone, Jr., Asst. U.S. Attys., of counsel), for Government.

Hinman, Howard & Kattell, Binghamton, New York (Albert Millus, of counsel), Ruhnke & Barret, West Orange, NJ (David A. Ruhnke, of counsel), for Tyrone Walker.

Peter Orville, P.C., Vestal, New York, Carl J. Herman, Livingston, New Jersey, for Walter Diaz.

Richard Allen, Binghamton, New York, for Anthony Walker.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Defendant Tony Walker now moves for a new trial pursuant to Fed.R.Crim.P. 33, or, in the alternative, for judgments of acquittal pursuant to Fed.R.Crim.P. 29(c), regarding his convictions on Count One (Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848(a) & (c)), Count Four (Narcotics Conspiracy in violation 21 U.S.C.

§ 841(b)(1)(A)), and Count Three (Conspiracy—Murder in violation of 21 U.S.C. § 841(b)(1)(A), and the second prong of 21 United States Code § 848(e)(1)(A)).

■ When considering a motion under Rule 29, the court must determine, based upon all of the relevant evidence introduced against a defendant, whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of the crime charged. *See United States v. Brawer*, 482 F.2d 117, 124–25 (2d Cir.1973); *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir.1984). All reasonable inferences are to be resolved in favor of the prosecution, however, and the trial court is required to view the evidence in the light most favorable to the government with respect to each element of the offense. *Mariani* at 865.

### A. Count One, Continuing Criminal Enterprise:

. Tony Walker argues that the evidence is insufficient to show that he managed supervised or organized five or more persons during the period of the CCE. In its Memorandum, Decision and Order of January 9, 1996, the Court considered in great detail the evidentiary sufficiency of the government's allegations as to those who it alleged Tony Walker had managed, supervised or organized. In that decision the Court specifically concluded that the evidence was sufficient to allow a reasonable jury to conclude that Tony Walker had managed supervised or organized Rosa Rivera, Toni Lopez, James P. Regan and Ernest Cade, the four supervisees Tony Walker points to today as insufficiently supported. None of defendant's current arguments persuades the Court that its earlier determinations in this regard were erroneous. Therefore, for the reasons stated in the January 9, 1996 Memorandum, Decision and Order, Tony Walker's Motions attacking the sufficiency of the evidence underlying his conviction on Count One are DENIED.

### B. Count Four, Narcotics Conspiracy:

■ Tony Walker next argues that evidence is insufficient to support a rational jury finding that the single conspiracy alleged in the indictment existed. He presents a well supported theory of the case by which the jury could conclude that not one, but multiple conspiracies, were formed and dissolved during the period the government alleges that the single narcotics conspiracy operated. In a Memorandum, Decision and Order filed on January 2, 1996, however, the Court considered similar arguments from all defendants in the context of their Rule 29 Motions at the close of the government's proof. Having fully considered Tony Walker's most recent variations on the multiple conspiracy theme, the Court adheres to the view it expressed in that earlier decision:

> While a reasonable juror could conclude beyond a reasonable doubt that the multiple-conspiracy theory is correct, such arguments do not establish that a juror could *not* conclude that the government's single conspiracy allegations have been established beyond a reasonable doubt. Furthermore, much of the same evidence that the defendants have parsed into three conspiracies also supports a reasonable jury's conclusion that a single conspiracy existed. The Court notes in this regard that a single conspiracy is not necessarily transposed into multiple conspiracies simply by lapse of time, change of membership or a shifting emphasis on its locale of operations. *United States v. Cambindo Valencia*, 609 F.2d 603, 625 (2d Cir.1979). Whether or not the proof at trial establishes single versus multiple conspiracies is one that should be committed to the province of a properly instructed jury. *United States v. Nersesian*, 824 F.2d 1294, 1302 (2d Cir.), *cert. denied*, 484 U.S. 958 [108 S.Ct. 357, 98 L.Ed.2d 382] (1987).

(Dec. & Ord. of January 2, 1996, this case). Because the Court has earlier concluded that there is sufficient evidence from which a juror could reasonably conclude that these defendants participated in one conspiracy spanning the entire period asserted by the United States, Tony Walker's Rule 29 and 33 Motions regarding Count Four are DENIED.[1]

---

**1.** To the extent that defendant's Motions in opposition to his Count Three conviction for Conspir-

## C. Count Three, Narcotics Conspiracy— Murder:

Finally, defendant Tony Walker moves to dismiss his conviction under Count Four, arguing that there is insufficient evidence from which a jury could have reasonably concluded that the murder was committed in furtherance of the narcotics conspiracy.

To convict under the second prong of § 848(e)(1)(A), the government must establish to a reasonable juror's satisfaction that an intentional killing was committed while *"engaging in"* the specified narcotics conspiracy. *See* 21 U.S.C. § 848(e)(1)(A). The Court concluded that this statutory language implied that it was incumbent upon the government to prove that the killing was related in some meaningful way to the affairs of the narcotics conspiracy, or, as to the first prong, related in some meaningful way to the CCE. In its decision of January 2, 1996, however, the Court concluded that the government had presented sufficient evidence from which a rational jury could conclude on at least one basis that the intentional killing was committed in furtherance of the narcotics conspiracy (and the CCE) in question (i.e. that the killing was undertaken to secure drugs and money to be used in furtherance of the alleged conspiracy and CCE). On this basis, then defendant's Motions regarding his conviction under Count Three are DENIED.

As to the sufficiency of the evidence underlying Tony Walker's specific conviction on the conspiracy murder charged in Count Three, the Court reaffirms its conclusion that a reasonable jury could have concluded beyond a reasonable doubt that Tony Walker shares culpability for that crime under the conspiratorial liability principles of *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The Court was mindful that the evidence at trial showed that this defendant's substantive participation in that crime was extremely minimal, and indeed in one view of the evidence, that Tony Walker had expressly declined to participate in the events surrounding the Monsour crime.[2] Therefore, in light of the seriousness of that crime, and its concomitant heavy penalty, the Court considered long and hard before exposing Tony Walker to the broad liability *Pinkerton* imposes on co-conspirators. After that full consideration, however, the Court did not perceive, and does not today perceive, any basis for declining to charge the jury that *Pinkerton's* principles pertained to the Count Three charges as against Tony Walker. Having already decided that *Pinkerton* liability was appropriate for the jury's consideration, the Court holds that the evidence at trial was sufficient for a reasonable jury to convict Tony Walker of Count Three on that basis. As such, Tony Walker's Motions for dismissal of that conviction are DENIED.

## D. Conclusion:

For all the foregoing reasons, then Tony Walker's post-trial Motions under Fed. R.Crim.P. 29 and 33 are DENIED.

**IT IS SO ORDERED**

---

acy Murder under Count Three are predicated on multiple conspiracy arguments, those Motions are likewise, DENIED.

**2.** The Court expresses no opinion on whether the evidence at trial was sufficient to support a finding that Mr. Walker was guilty of the conspiracy murder either substantively or under an aiding and abetting theory of liability. Given the paucity of the evidence and the low standard the government must satisfy on these motions, this presents an extremely close question which the Court need not address in light of its holding as to Count Three.