**UNITED STATES of America,**
**Appellee,**

v.

**Rhonda M. FARRAH, Defendant–**
**Appellant.**

**Docket No. 00–1618.**

United States Court of Appeals,
Second Circuit.

June 12, 2001.

Donald B. Marks, Los Angeles, CA, for appellant.

Brian E. Spears, Assistant United States Attorney; James G. Genco, Assistant United States Attorney; Stephen C. Robinson, United States Attorney, on the brief, United States Attorney's Office for the District of Connecticut, Bridgeport, CT, for appellee.

Present McLAUGHLIN and CABRANES, Circuit Judges, COTE, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

Rhonda Farrah appeals from a judgment of conviction and sentence entered against her following a jury trial in the District Court. Farrah was convicted of two counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of tax evasion, in violation of 26 U.S.C. § 7201; and thirty-three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The District Court sentenced Farrah, in principal part, to 60 months' imprisonment for each count of wire fraud and for each count of tax evasion, and to 71 months' imprisonment for each count of money laundering, all to run concurrently.

On appeal, Farrah makes a number of arguments to challenge her conviction and sentence. For the reasons below, we find no basis for reversal in any of them and therefore affirm the judgment of the District Court.

### I. ISSUES RELATING TO TRIAL COUNSEL

Farrah's first set of arguments relate to her counsel at trial. Specifically, Farrah argues that her conviction should be vacated because: (1) the District Court abused its discretion in denying her pre-trial motion for substitute counsel; (2) her counsel had a conflict of interest arising from his involvement in other litigation; (3) there was a total breakdown of the attorney-client relationship during trial; (4) her counsel provided ineffective assistance during trial; and (5) the District Court failed to conduct an adequate inquiry into the counsel's potential conflict of interest. We reject these contentions substantially for the reasons stated in the District Court's thorough ruling of January 16, 2001. *See United States v. Farrah*, 128 F.Supp.2d 103 (2001). With respect to the new material presented by Farrah on appeal, and unavailable to the District Court, we find that her counsel did not have a *per se* conflict of interest and that, to the extent that any conflict did exist, there has been no showing of any adverse effect from such conflict on Farrah's representation by counsel.

---

* The Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

## II. Sentencing Issues

Farrah's second set of arguments relate to sentencing. Farrah argues, in principal part, that the District Court erred in departing upward under Section 4A1.3 of the Sentencing Guidelines because: (1) the District Court, rather than the jury, determined the uncharged conduct on which the departure was based, in violation of the teachings of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); (2) there was insufficient evidence to support a finding that Farrah had engaged in this uncharged conduct; (3) some of this conduct should have been classified as "relevant" conduct under Section 1B1.3 of the Guidelines, rather than as "prior similar" conduct under Section 4A1.3(e); and (4) the District Court departed upward from Criminal History Category I to Category III without mentioning the appropriateness of Category II. These contentions have no merit.

### A. *Apprendi*

■ As we have explained, *Apprendi* does not "alter[ ] a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence *within the statutory maximum.*" *United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.2001) (emphasis added). Therefore, as long as a defendant is sentenced on each count within the maximum allowed by statute, a district court can determine a defendant's uncharged conduct for purposes of sentencing by using the traditional standard of proof—namely, a preponderance of the evidence. *See United States v. White,* 240 F.3d 127, 136 (2d Cir.2001).

In the case at hand, the District Court imposed concurrent terms of imprisonment of 60 months for each count of wire fraud and tax evasion, and 71 months for each count of money laundering. Each of these sentences is within the maximum allowed by statute. *See* 18 U.S.C. § 1343 (maximum of 360 months for wire fraud); 26 U.S.C. § 7201 (maximum of 62 months for tax evasion); 18 U.S.C. § 1956(a)(1)(B) (maximum of 240 months for money laundering). Accordingly, the District Court did not violate the teachings of *Apprendi* in determining Farrah's uncharged criminal conduct.

### B. *Sufficiency of the Evidence*

■ We also hold that there was sufficient evidence for the District Court to find that Farrah had engaged in the uncharged conduct that served as the basis for the upward departure. Following a careful review of the evidence at the sentencing hearing, the District Court determined that Farrah had committed fraud and bankruptcy fraud, and had failed to file tax returns. At sentencing, witnesses testified that Farrah had fraudulently obtained approximately $250,000 in advance fees from investors seeking loans. In addition, evidence was presented that Farrah had falsely reported her assets on her bankruptcy petition, and had not filed tax returns for the years 1994 through 1998. Construing all inferences in favor of the Government, *see United States v. Mariani,* 725 F.2d 862, 865–66 (2d Cir.1984), and noting that a sentencing court can consider information that would be inadmissible at trial so long as it is reliable, *see* 18 U.S.C. § 3661; Fed.R.Evid. 1101(d)(3); *United States v. Brach,* 942 F.2d 141, 144 (2d Cir.1991), we conclude that there was ample evidence to support a finding that Farrah had engaged in uncharged acts of fraud, bankruptcy fraud, and failure to file tax returns.

### C. *"Prior Similar" Conduct*

We likewise reject Farrah's contention that the District Court committed revers-

ible error in relying on this conduct to depart upward from the otherwise applicable Guidelines range. Section 4A1.3(e) permits a court to depart upward from a defendant's criminal history category if it determines that this category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The Guidelines explain that such a determination can be based on, *inter alia,* "prior similar adult criminal conduct not resulting in a criminal conviction." *Id.* § 4A1.3(e). Farrah argues that her uncharged conduct of bankruptcy fraud and failure to file tax returns should have been classified as "relevant" conduct under Section 1B1.3, rather than as "prior similar" conduct under Section 4A1.3(e). *See United States v. Kim,* 896 F.2d 678, 683 (2d Cir.1990) (explaining that the two forms of conduct are mutually exclusive); *accord United States v. Baird,* 109 F.3d 856, 863 n. 4 (3d Cir.1997)

Section 1B1.3 defines "relevant" conduct as acts committed during the commission of the offense of conviction that were part of the "same course of conduct" as the offense of conviction. U.S.S.G. § 1B1.3(a)(1), (2). We have held that a District Court's determination of what constitutes the "same course of conduct" is reviewed for clear error. *See United States v. Greer,* 223 F.3d 41, 61 (2000).

■ In the case at hand, the District Court did not clearly err in determining that Farrah's bankruptcy fraud was not part of the "same course of conduct" as her offenses of conviction. Farrah's bankruptcy fraud was aimed at defrauding her general creditors and a bankruptcy trustee; in contrast, her charged conduct related to her scheme to defraud two individual investors. Because the objects and methods of deceit for each were different, the District Court did not clearly err in deter-

mining that the bankruptcy fraud was "similar" to—but not part of the "same course of conduct" as—her offenses of conviction.

In light of this conclusion, we find it unnecessary to resolve Farrah's stronger argument—that the District Court clearly erred in also classifying the uncharged tax offense as "prior similar" conduct. The District Court departed upward from Criminal History Category I to Category III on the basis of three uncharged offenses: fraud, bankruptcy fraud, and failure to file tax returns. It arrived at this conclusion by adding three points to Farrah's criminal history for the fraud, three points for the bankruptcy fraud, and two points for the failure to file tax returns. Even if we assume *arguendo* that the District Court clearly erred in classifying the tax offenses as "prior similar" conduct (and therefore erred in basing the upward departure on these offenses), any such error was harmless because the uncharged acts of fraud and bank fraud were sufficient to support the upward departure. *See* U.S.S.G. § 5A tbl. (instructing a sentencing court to apply a Criminal History Category of III for defendants with four, five, or six criminal-history points). *See generally United States v. DeRiggi,* 72 F.3d 7, 9 (2d Cir.1995) (reviewing a district court's decision to depart upward for harmless error).

### D. *Sequential Analysis*

Finally, we hold that the District Court did not err in departing from Criminal History Category I to Category III without mentioning Category II. Although a sentencing court should "pause at each category to consider whether that category adequately reflects the seriousness of the defendant's record," *United States v. Tropiano,* 50 F.3d 157, 162 (2d Cir.1995), we have held that such "a mechanistic, step-

by-step procedure is not required" where the district court fully explains the reasons for the departure, *United States v. Franklyn,* 157 F.3d 90, 100 (2d Cir.1998) (quoting *United States v. Kassar,* 47 F.3d 562, 566 (2d Cir.1995)); *accord United States v. Bridges,* 175 F.3d 1062, 1069 (D.C.Cir. 1999).

■ In the instant case, the District Court found as a factual matter that Farrah had engaged in uncharged acts of fraud, bankruptcy fraud, and failure to file tax returns. Based on these findings, the District Court reasonably concluded that Farrah's Criminal History Category of I significantly underrepresented the seriousness of her criminal history and, therefore, departed upward under Section 4A1.3(e). The District Court explicitly considered the appropriateness of Category IV, but concluded that Category III was "sufficient to serve the purposes that need to be served by this sentence, namely to deter the defendant from committing future crimes and to protect society." The District Court's departure decision was thus fully and reasonably explained, and no explicit mention of Category II was necessary.

III. SUPPRESSION OF EVIDENCE

As a final argument, Farrah contends that the District Court abused its discretion in denying her motion to suppress audiotapes of her conversations with a particular witness. Upon a review of the record, we agree with the District Court's analysis in its January 5, 2000 ruling, *see United States v. Farrah,* No. 3:98CR146(AWT), 2000 WL 92349 (D.Conn. Jan. 5, 2000), and therefore conclude that the District Court acted well within its discretion in denying the motion.

We have considered all of Farrah's other arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.