UNITED STATES of America,
Appellee,

v.

Derwin MCFARLANE, also known as Mekie, also known as Screwface, Aubrey McFarlane, also known as Levi, Rawn McFarlane, also known as ratback, Chris McFarlane, also known as Gabby, Steven Gibson, also known as Steven McFarlane, also known as Pussy, also known as Puzi, Timothy Gibson, Daimon Hines, also known as Dutchy, Lenox Peters, also known as Troy Peters, also known as Mousy, also known as Mouse, Julian Hall, also known as GT, also known as GT–Ball, David Bishop, also known as Slick, Troy Jacobs, also known as Tee, Armel Goffe, also known as Mel Lew-

is, Anthony Stanton, also known as Pretty Tony, Eugene Brumigin, Linden Browne, also known as Big Dred, Shariek Windley, agent of Shah, Gary Sherman, agent of P, agent of Puddum, agent of Puddin, Defendants,

Oliver Davilar, Shawn McFarlane, also known as Dred, Filemon Timana, also known as Filemon James, Gary Primo, also known as Fatman, Antone Porter, Defendants–Appellants.

No. 05–0227–cr.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2006.

Susan Corkery, John Buretta, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief), Eastern District of New York, for Appellee.

Allen Lashley, Brooklyn, NY, for Appellant.

PRESENT: HON. RALPH K. WINTER, HON. DENNIS JACOBS, Circuit Judges, HON. JOHN F. KEENAN,* District Judge.

### SUMMARY ORDER

Gary Primo appeals from a judgment of conviction entered on June 30, 2005 in the Eastern District of New York (Sifton, J.) following a jury trial. Primo was convicted of conspiring to distribute and possess with intent to distribute cocaine base (in violation of 21 U.S.C. § 846) and knowingly and intentionally distributing and possessing with intent to distribute marijuana (in violation of 21 U.S.C. § 841) for his participation in a conspiracy to distribute cocaine base and marijuana at a housing project ("project"). Primo was sentenced principally to 41 months in prison. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

1. We will reverse on an appellate challenge to the sufficiency of the evidence "only if no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *See United States v. Gaskin,* 364 F.3d 438, 459–60 (2d Cir. 2004). "Once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming." *United States v. Amato,* 15 F.3d 230, 235 (2d Cir.1994) (internal quotations omitted). "Conspiracy can be proven cir-

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

cumstantially; direct evidence is not crucial." *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir.1984). Nevertheless, "evidence of purposeful behavior designed to further a conspiracy must be shown to prove membership in that conspiracy." *United States v. Chang An–Lo*, 851 F.2d 547, 554 (2d Cir.1988).

The evidence at trial showed that, on several occasions, Primo—a marijuana dealer who never sold cocaine base himself—facilitated cocaine base transactions between an undercover officer (who did purchase marijuana from Primo) and cocaine-base dealers at the project. Primo had no economic interest in these transactions, but there was evidence—mainly, the testimony of the head of the marijuana conspiracy—that (i) the drug dealers at the project operated according to an arrangement whereby marijuana dealers referred their customers seeking cocaine base to area cocaine-base dealers, who would in turn refer their customers seeking marijuana to the marijuana dealers and (ii) the purpose of this arrangement was to minimize potentially injurious inter-dealer competition. Evidence of such an agreement among drug dealers to create a peaceful environment conducive to more efficient drug-dealing is sufficient to establish the existence of a conspiracy. *See United States v. Desimone*, 119 F.3d 217, 223 (2d Cir.1997) ("In order prove a conspiracy, the government must show that two or more persons agreed to participate in a joint venture intended to commit an unlawful act."). The evidence was also sufficient for the jury to conclude that Primo—who was undoubtedly associated with the marijuana dealers at the project—actively facilitated cocaine-base transactions in an effort to further the common goals of the overall conspiracy.

■ 2. Motions challenging "defects in the indictment" must be made prior to trial. Fed.R.Crim.P. 12(b)(3). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c)", although "the court may grant relief from the waiver … for good cause." Fed.R.Crim.P. 12(e). Primo filed a motion seeking a bill of particulars; but he withdrew that motion upon receiving the Government's discovery. Neither Primo nor his defense attorney attended the July 8, 2004 hearing on pretrial motions, at which Primo now claims he made his motion to dismiss.[1] Primo thus has waived his objections, *see United States v. Viserto*, 596 F.2d 531, 538 (2d Cir.1979), and we decline to excuse the waiver.

■ 3. "[W]hile we review a sentence for reasonableness, that review involves consideration not only of the sentence itself, but also of the procedure employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006). The district court's procedures were proper for the following reasons:

(i) "[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict." *See United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005). All of the *Vaughn* requirements were satisfied here. In particular, Section 841(b)(1)(C) sets a

---

**1.** While a motion to dismiss on the indictment was made by a co-defendant, Primo did not join in the motion.

statutory maximum of 20 years (and no minimum) for distribution of unspecified amounts of cocaine base, and § 841(b)(1)(D) sets a statutory maximum of five years for distribution of less than 50 kg of marijuana. Since Primo was sentenced to two concurrent terms of 41 months, both sentences are less than the statutory maximum, and hence proper under *Vaughn*. Moreover, the district court's finding that the conspiracy was responsible for the distribution of between 50 and 100 grams of cocaine base was well supported. Therefore, the district court's deviation from the jury verdict was not error.

(ii) In imposing sentence, district courts may consider hearsay evidence that is reliable. *See United States v. Martinez*, 413 F.3d 239, 244 (2d Cir.2005). This standard was met here because all of the hearsay evidence considered by the district court was supplied in the course of judicial proceedings in which (either) interested parties had the opportunity to cross-examine the declarants or the declarants themselves were under oath.

(iii) The sentence imposed by the district court—one level below that indicated by the sentencing guidelines—was undoubtedly reasonable, even in light of the potentially mitigating circumstances presented by Primo. *See Fernandez*, 443 F.3d at 27–28.

For these reasons, the judgment of the district court is **AFFIRMED** as to Primo. Counsel for Appellants Shawn McFarlane and Davilar have filed briefs pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the government has moved for summary affirmance; those motions are hereby **GRANTED.**