**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eric Reed BUTLER, Defendant–Appellant.**

**No. 95–30204.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 1996.

Decided Aug. 14, 1996.

Stephanie J. Johnson, Assistant United States Attorney, Spokane, Washington, for plaintiff-appellee.

Roger J. Peven, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for defendant-appellant.

Before: PREGERSON and TASHIMA, Circuit Judges, and JONES, District Judge.[*]

ROBERT E. JONES, District Judge:

Defendant appeals his sentence after pleading guilty to three counts of "Travel with intent to engage in a sexual act with a juvenile," in violation of 18 U.S.C. § 2423(b).[1]

This appeal presents two sentencing issues:

1. Whether the district court properly applied United States Sentencing Guideline ("U.S.S.G.") § 2A3.1[2] to Appellant's conviction for "Travel with intent to engage in sexual acts with a juvenile;" and,

2. Whether the district court properly refused to group the three counts of the conviction under U.S.S.G. § 3D1.2.[3]

## STANDARD OF REVIEW

 The district court's interpretation and application of the Sentencing Guidelines are reviewed *de novo*. *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir.1995).

---

[*] The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

1. 18 U.S.C. § 2423(b) provides:

 A person who travels in interstate commerce, or conspires to do so .... for the purpose of engaging in any sexual act (as defined in section 2245) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 10 years, or both.

2. Guideline § 2A3.1 states in relevant part:

 (a) Base Offense Level: 27
 (b) Specific Offense Characteristics
 (1) If the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) (including, but not limited to, the use or display of any dangerous weapon), increase by 4 levels.
 (2)(A) If the victim had not attained the age of twelve years, increase by 4 levels; or (B) if the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by 2 levels.
 (3) If the victim was (A) in the custody, care, or supervisory control of the defendant, or (B) a person held in the custody of a correctional facility, increase by 2 levels.

## FACTS

As part of a "sting operation," a member of the Los Angeles Federal Child Pornography Task Force placed a fictitious advertisement in an adult magazine. In this advertisement, a "mother" invited someone to teach her children sexual matters. Appellant, a resident of Spokane, Washington, responded to the advertisement and corresponded with the fictitious "mother" from December 1993 until November 1994. During this correspondence, Appellant was told that the children involved were ages 12, 10 and 7 years.

On November 5, 1994, Appellant and the "mother" agreed to meet at a motel in Oregon. On the day of the meeting, in a motel room in Oregon, Appellant described to the "mother" the various sexual acts he intended to engage in with the purported three minor children. This discussion lasted 45 minutes and was video and audio taped. When Appellant entered the room where he believed the children were waiting, he was arrested.

On December 20, 1994, a Grand Jury returned a four-count indictment charging Ap-

---

(4)(A) If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) if the victim sustained serious bodily injury, increase by 2 levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.
(5) If the victim was abducted, increase by 4 levels.

3. Guideline § 3D1.2 states in relevant part:

 All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
 (a) When counts involve the same victim and the same act or transaction.
 (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
 (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
 (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure or aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

pellant with three counts of travel with intent to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423(b), and one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) & (d). However, the Government dismissed the latter count of sexual exploitation of children.

On March 1, 1995, Appellant entered a plea of guilty to three counts of travel with intent to engage in a sexual act with a juvenile. For these counts, the district court sentenced Appellant on March 1, 1995, to a total of 78 months imprisonment, to be followed by a three-year term of supervised release.

## DISCUSSION

Appellant contends that the district court erred because it misapplied U.S.S.G. § 2A3.1 and failed to group the three counts pursuant to U.S.S.G. § 3D1.2. We address each contention in turn.

### 1. *Application of U.S.S.G. § 2A3.1*

At the time of entry of Appellant's guilty pleas, "Travel with intent to engage in a sexual act with a juvenile," 18 U.S.C. § 2423(b), was a new provision of the Violent Crime Control and Law Enforcement Act of 1994. The United States Sentencing Commission had not yet determined which offense Guideline section was applicable to this new provision. Where the offense is a felony for which no Guideline has been expressly promulgated, U.S.S.G. § 2X5.1[4] provides that the most analogous offense guideline should be applied.

In sentencing Appellant, the district court adopted the recommendation of the Presentence Investigative Report which stated that U.S.S.G. § 2A3.1, Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse, was the most analogous Guideline to Appel-

lant's violations of 18 U.S.C. § 2423(b) (travel with the intent to engage in a sexual act with a juvenile). Therefore, the court sentenced Appellant to 78 months using the base offense level of 27 provided under U.S.S.G. § 2A3.1.

However, Appellant argues that the district court should have applied § 2A3.2[5] as the most analogous Guideline because § 2A3.2 applies where the victims are between 12 and 16 years old, whereas § 2A3.1 applies where the victims are less than 12 years old. Use of § 2A3.2 would have resulted in a sentence range of 51–63 months rather than 70–87 months under U.S.S.G. § 2A3.1. Because the children were fictitious, Appellant argues that their ages should not mandate application of the increased sentence under § 2A3.1.

In opposition, the Government asserts that the ages of the fictional victims are not the defining factors in calculating Appellant's sentence. Instead, it is the nature of the attempted crime that requires application of § 2A3.1, rather than § 2A3.2.

Guideline § 2A3.1 applies to violations of 18 U.S.C. § 2241 which reads in relevant part:

(c) With children.—Whoever, in the special maritime territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any terms of years or life, or both.

In contrast, Guideline 2A3.2 applies to violations of 18 U.S.C. § 2243 which reads in relevant part:

(a) Of a minor.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, know-

---

**4.** Guideline § 2X5.1 states in relevant part, "[i]f the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline."

**5.** Guideline § 2A3.2 states:

. (a) Base Offense Level: 15
(b) Specific Offense Characteristic

(1) If the victim was in the custody, care, or supervisory control of the defendant, increase by 2 levels.
(c) Cross Reference
(1) If the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse).

ingly engages in a sexual act with another person who—

 (1) has attained the age of 12 years but has not attained the age of 16 years; and

 (2) is at least four years younger than the person so engaging

or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

### a. Analysis

■ Guideline § 2A3.2 provides "[i]f the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242) apply U.S.S.G. § 2A3.1." Furthermore, the Background to U.S.S.G. § 2A3.1 states that "[s]exual offenses addressed in this section are crimes of violence. Because of their dangerousness, attempts are treated the same as completed acts of criminal sexual abuse." Therefore, the fact that Appellant was unable to complete the crime because the victims were fictitious is not the determining factor. Rather, Appellant's intent and conduct constitute attempted criminal sexual abuse of three young children. Moreover, contrary to Appellant's assertions, in applying § 2A3.1, the district court did take into account the absence of real victims by declining to add specific offense characteristics to Appellant's base offense level.[6] Consequently, we conclude that the district court properly applied U.S.S.G. § 2A3.1 to Appellant's plea of guilty to three counts of travel with intent to engage in a sexual act with a juvenile.

### 2. Grouping of Counts under § 3D1.2

Appellant contends that the three counts of the conviction should have been grouped under U.S.S.G. § 3D1.2 as closely related offenses because there were no real victims; rather, the only victim was society. Consequently, Appellant argues, Note 2 to U.S.S.G. § 3D1.2 should apply. Note 2 reads in relevant part:

The term "victim" is not intended to include indirect or secondary victims ... [f]or offenses in which there are no identifiable victims ... the "victim" for the purposes of subsections (a) and (b) is the societal interest that is harmed. In such cases, the counts are grouped together when the societal interests that are harmed are closely related.

The Government opposes grouping because: (1) the offenses are specifically excluded from the grouping provisions of U.S.S.G. § 3D1.2(d), and (2) the Note on harm to society is not applicable to this crime.

Guideline § 3D1.2(a) provides that:

All counts involving substantially the same harm shall be grouped together into a single Group. Counts involving substantially the same harm within the meaning of this rule: (a)When the counts involve the same victim and the same act or transaction.

However, U.S.S.G. § 3D1.2(d) specifically excludes all offenses in Chapter 2, Part A from the grouping subsection.[7] Because U.S.S.G. § 2A3.1 is in Chapter 2, Part A, the offenses should not be grouped.

Notwithstanding that argument, the prosecution also explains that the latter part of Note 2 refutes Appellant's argument that society is the victim in this case, because the Note states that society is considered the victim only in offenses for which there are no identifiable victims "e.g. drug or immigration offenses, where society at large is the victim."

### a. Analysis

■ In this case, Appellant attempted to engage in sexual acts with specific juvenile victims. Had the victims been available,

---

6. Guideline § 2A3.1 provides that if the victim has not attained the age of twelve years, the offense level may be increased by four. However, the district court declined to increase appellant's base level in accordance with this provision because the victims in this case were fictional.

7. U.S.S.G. § 3D1.2(d) states "[s]pecifically excluded from the operation of this subsection are: all offenses in Chapter Two, Part A."

they, rather than society in general, would have been harmed. Therefore, this is not a crime merely against society, as in the case of the immigration or drug crimes mentioned in the note; but rather, is a crime against specific victims. Moreover, as stated above, these are crimes of violence, and due to their dangerous nature, attempts are treated the same as completed criminal acts. Therefore, grouping was not appropriate in this case.

Because the district court properly applied U.S.S.G. § 2A3.1 in sentencing appellant, it did not err in declining to group the three counts of the conviction.

## CONCLUSION

Because we conclude that both the application of Sentencing Guideline § 2A3.1 and refusal to group counts under Guideline § 3D1.2 were appropriate, the judgment of the district court is AFFIRMED.