**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

No. 98-2082

DAWSON JOHNSON,

    Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-97-282-JC)

Norman C. Bay, Assistant United States Attorney, (John J. Kelly, United States Attorney with him on the brief) Albuquerque, New Mexico, for Plaintiff-Appellee.

Alonzo J. Padilla, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Before **SEYMOUR**, Chief Judge, and **BALDOCK**, and **BRISCOE**, Circuit Judges.[*]

**BALDOCK**, Circuit Judge.

---

   [*] After examining the briefs and appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1(G). The cause is therefore ordered submitted without oral argument.

On May 7, 1997, a grand jury returned a two-count indictment in the District of New Mexico charging Defendant Dawson Johnson with one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and interstate travel for the purpose of engaging in sexual acts with a minor, in violation of 18 U.S.C. § 2423(b). On October 16, 1997, a two-count criminal information was filed in the District of Massachusetts charging Defendant with one count of possession of child pornography and one count of criminal forfeiture, in respective violation of 18 U.S.C. § § 2252(a)(4)(B) and 2253. Pursuant to Fed. R. Crim. P. 20, Defendant agreed to transfer the Massachusetts charges to the District of New Mexico.

Defendant subsequently pled guilty to all four charges. The district court imposed two concurrent 27-month sentences of imprisonment, three years of supervised release and $2,875.87 in restitution. Having failed to raise the issues below, Defendant argues on appeal that the district court committed plain error by: (1) increasing his offense level under U.S.S.G. § 2G2.4(b)(3); (2) ordering him to pay restitution without considering his ability to pay; and (3) ordering him to pay restitution for the victim's mental health treatment where the victim suffered no bodily injury. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

I.

Defendant met the victim in this case in an Internet chat room. Defendant is from Boston, Massachusetts. The victim is from Clovis, New Mexico. For a period of several

2

months, Defendant and the victim corresponded over the Internet. Defendant sent the victim items in the mail and also talked with him on the telephone. Eventually, the two made plans to meet.

Defendant flew from Boston to Lubbock, Texas, where he rented a car. He then drove to the victim's home town of Clovis, New Mexico. Over the course of a week, Defendant and the victim engaged in numerous sexual acts. Defendant returned to Boston, where he continued to correspond with the victim via the Internet and telephone.

After Defendant left, the victim became depressed and confused. He contacted another person he knew from the Internet and arranged a trip to Boston. While in Boston, the victim unsuccessfully attempted to contact Defendant. Upon returning to Lubbock, Texas, authorities detained the victim as a runaway. The victim was subsequently released to his mother, who encouraged him to cooperate with law enforcement officials. The victim subsequently placed phone calls, monitored by law enforcement officials, to Defendant. On March 14, 1997, the FBI searched Defendant's residence. After examining his computer files and 283 floppy disks, agents found 13 images of children 16 years of age or under engaging in explicit sexual conduct.

II.

A.

Defendant first argues that the district court incorrectly increased his offense level under U.S.S.G. § 2G2.4(b)(3) because he possessed child pornography obtained through

3

use of a computer. Defendant contends that in drafting the statute which provides for § 2G2.4(b)(3), Congress intended to punish only those who "trafficked in and/or distributed child pornography through the computer, not those like [Defendant] who merely used the computer to obtain pornographic material." Thus, Defendant asserts that his sentence is illegal and must be vacated.

## 1.

Before reaching the merits of Defendant's position, we must address whether this issue is properly before us. Defendant entered one plea agreement which disposed of two cases with two separate numbers. The first case, 97-282, contained the § 2422 and § 2423(b) offenses. The second case, 97-630, contained the § 2252 and § 2253 offenses. The government moves to strike the issue of whether the district court improperly increased Defendant's offense level under U.S.S.G. § 2G2.4(b)(3) from the present appeal. The government argues that Defendant could only raise this issue in a timely appeal from 97-630 and that because Defendant failed to do so, we have no jurisdiction. We deny the motion to strike.

On March 20, 1998, Defendant timely filed a notice of appeal in 97-282. On June 10, 1998, more than forty days after judgment had been entered, Defendant filed a notice of appeal in 97-630. Because the notice in 97-630 was filed well beyond the statutory period for filing, a motion panel of this court dismissed the appeal. Therefore, to the extent Defendant seeks relief from his sentence in 97-630, we reject his request.

4

To the extent the government contends that we cannot reach the merits of the issue in regard to Defendant's sentence in 97-282, we disagree. In sentencing Defendant, the district court applied a multiple count adjustment pursuant to U.S.S.G. § 3D1.4. In doing so, the district court effectively combined the counts in 97-282 and 97-630. Thus, the court necessarily incorporated the offense level of the charge in 97-630 in determining Defendant's sentence on the charges in 97-282. Because the § 2G2.4(b)(3) enhancement applied by the district court in 97-630 affects Defendant's sentence in 97-282, Defendant may, despite his failure to timely appeal the sentence in 97-630, challenge the enhancement through his timely appeal of the sentence imposed in 97-282. This challenge, however, will impact only the sentence imposed in 97-282. In other words, if we embrace Defendant's attack on his sentence in 97-282, he will be entitled to no relief on the concurrent sentence in 97-630.[1]

2.

---

[1] We do note that the government did not respond to the merits argument in the brief it filed on September 25, 1998. In his reply brief, filed on October 13, 1998, Defendant noticed this failure to respond and argued that the government should not be heard on the argument during oral argument. On November 4, 1998, the government filed a motion to strike explaining that it did not address the argument because Defendant improperly raised it in this appeal. By choosing not to address this issue, the government assumed the risk that we would reach the merits without hearing its position on the issue. In the future, the government would be well advised to make its jurisdictional argument in addition to an alternative argument stating its position on the merits. At the same time, we do not condone Defendant's failure to pay attention to detail. Had Defendant timely filed a notice of appeal in both cases, this jurisdictional problem would never have arisen.

U.S.S.G. § 2G2.4(b)(3) provides for a two-level increase in a defendant's possession of child pornography sentence where the defendant obtained the visual images through use of a computer. Restated, Defendant argues that § 2G2.4(b)(3), as applied to him, is contrary to Congress' intent in drafting the statute which requires the increase. Defendant contends that Congress intended for the increase to apply where the possessor sent the images via computer, not where the possessor received the images through use of a computer.

The Eighth Circuit recently rejected this exact argument. In United States v. Vincent, 167 F.3d 428 (8th Cir. 1999), the defendant was convicted of possession of child pornography, in violation of 18 U.S.C. § § 2252(a)(4)(B) and (b)(2). Because the defendant received the pornographic images via the Internet, the court increased his offense level by two pursuant to U.S.S.G. § 2G2.4(b)(3). On appeal, the defendant argued that Congress did not intend for § 2G2.4(b)(3) to apply to receivers of child pornography because it directed an increase in offense level only if a computer was used to transport or ship the visual depiction. With little analysis, the Eighth Circuit flatly rejected the defendant's strained interpretation of Congress' intent.

The defendant further urged judicial review of the guideline on the grounds that § 2G2.4(b)(3) violates due process because no rational justification exists for penalizing an individual who obtains child pornography over the Internet more severely than an individual who bought magazines, videos or photographs from a supplier. Disagreeing

6

with the defendant's position, the court stated that the "Internet has become a common means of transmitting obscene and illicit material . . . [which] is difficult to detect . . . in cyberspace." Section 2G2.4(b)(3), the court explained, "provides an extra deterrent to those inclined to pursue illicit pictures in the anonymity of the computer world."

We agree with the Eighth Circuit that the Commission's interpretation is not at odds with Congress' intent. Defendant pled guilty to violating 18 U.S.C. § 2252(a)(4)(B). Public Law 104-71, the legislation supporting § 2G2.4(b)(3), required the Sentencing Commission to formulate a guideline increasing "the base offense level by at least 2 levels for an offense committed under . . . 2252(a) . . . if a computer was used to transmit the notice or advertisement to the intended recipient or to transport or ship the visual depiction." Defendant argues that because he did not transmit, transport, or ship the child pornography found in his computer, the guideline as applied to him is contrary to Congressional intent. While Defendant's argument is novel, we do not construe the statute as limiting the base level increase to only those who transmit images. Instead, a common sense reading suggests that the increase applies when a defendant is convicted of 2252(a) and the images supporting the conviction were transported via computer. It is of no moment that the person convicted of the § 2252(a) offense was not a sender, but only a receiver. The district court properly applied the two-level increase.


B.


7

As part of Defendant's sentence, the district court ordered Defendant to pay restitution in the amount of $2,875.87. Defendant argues that the district court erred by ordering him to pay restitution without considering his ability to pay. Specifically, Defendant argues that because the crimes to which he pled guilty, enticing a minor in violation of 18 U.S.C. § 2422(b) and interstate travel for the purpose of engaging in sexual acts with a minor in violation of 18 U.S.C. § 2423(b), are not governed by the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, the district court could not order restitution without considering his ability to pay.

Defendant did not raise this issue before the district court. Accordingly, we review for plain error.[2] Fed. R. Crim. P. 52(b). For Defendant to prevail on his plain error argument, he must "show clear or obvious error that affected his substantial rights, and that seriously affected the integrity of the judicial proceedings." United States v. Hatatley, 130 F.3d 1399, 1405 (1997).

The MVRA requires federal district courts to order restitution to the victim of an offense described in 18 U.S.C. § 16 as a crime of violence, regardless of the defendant's

---

[2] Arguing that Defendant invited this error below, the government urges the court to refuse to review the issue for plain error. The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error. Although Defendant no doubt failed to make the present argument to the district court, on the record before us, we are not convinced that his failure to do so induced the district court to order restitution without considering his ability to pay. Indeed, as the government concedes, the district court's restitution order was based on its belief that restitution was mandatory under the Mandatory Victim Restitution Act.

ability to pay. See 18 U.S.C. §§ 3663A(c)(1)(A)(i) and 3664(f)(1)(A). Defendant contends that the MVRA is inapplicable in this case because the crimes to which he pled guilty are not crimes of violence under § 16.

The question of whether §§ 2423(b) or 2422(b) constitute crimes of violence for purposes of § 16 is one of first impression in this circuit and has not been directly addressed by any of our sister circuits. The only decision coming close to deciding the issue, United States v. Butler, 92 F.3d 960, 964 (9th Cir. 1996) (stating that § 2423(b) is, by nature, crime of violence), is contrary to Defendant's position. To prevail under our plain error standard, Defendant must show that the alleged error is "clear or obvious". Hatatley, 130 F.3d at 1405. Because only one court has addressed this issue and reached a result contrary to Defendant's position on appeal, he fails to make the necessary showing. United States v. Byrd, 116 F.3d 770, 773 (5th Cir. 1996). Thus, we decline to hold that the district court committed plain error by ordering restitution without considering Defendant's ability to pay.

C.

Defendant finally argues that the district court was not authorized to order restitution for expenses related to the mental health treatment of the victim. Specifically, Defendant argues that restitution for mental health treatment is proper under § 3663A only where the victim suffers bodily injury. Defendant contends that because the victim in this case suffered no bodily injury, the district court had no authority to order

restitution for the cost of his mental health treatment.

Defendant did not make this argument before the district court. In fact, at his sentencing hearing, Defendant asserted that while he was responsible for some of the victim's problems, the victim's family was responsible for others. Thus, he argued that he should only be required to pay restitution for a small portion of the victim's treatment. By impliedly conceding that he owed restitution for part of the victim's treatment and failing to challenge the court's order on the grounds he now raises, Defendant stripped the district court of its ability to make findings regarding any bodily injury the victim may have suffered. See United States v. Alzanki, 54 F.3d 994, 1009 (1st Cir. 1995); United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir. 1994). A party may not invite the district court to impose restitution, albeit in an amount smaller than that ultimately ordered, and later complain that the court was without authority to require any restitution at all. United States v. Burson, 952 F.2d 1196, 1203 (10th Cir. 1991). Because Defendant attempts exactly that, we decline to address his final argument.

AFFIRMED; MOTION TO STRIKE DENIED.