**UNITED STATES of America**

v.

**Pierce S. HAN, Defendant.**

**No. 99–CR–121.**

United States District Court,
N.D. New York.

Sept. 9, 1999.

Office of the United States Attorney, Binghamton, NY, Kevin P. Dooley, AUSA, of counsel, for United States.

· Durr & Sacco, Binghamton, NY, James A. Sacco, of counsel, for Defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Defendant Pierce Han ("Defendant" or "Han") was charged. in a one-count Indictment with travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). On August 5, 1999, defendant Han was convicted by a jury of the single count charged in the Indictment. Presently before the Court is defendant Han's motions for: (1) judgment of acquittal pursuant to FED. R.CRIM. P. 29 on the grounds that the government failed to prove beyond a reasonable. doubt the elements of the offense charged; and (2) a new trial pursuant to FED. R.CRIM. P. 33 on the ground that his due process rights were violated by this Court's decision to preclude certain witness testimony.

### I. Background

Because the Court is presented with defendant's motion pursuant to FED. R.CRIM. P. 29, the following evidence is presented in the light most favorable to the government. *See Jackson v. Commonwealth of Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). ·

On or about August 1998, defendant initiated contact, via the Internet, with Maria Murray ("Murray"), an undercover police officer from the Binghamton Police Department's Special Investigations Unit after viewing a profile of a thirteen year-old female that the undercover officer had placed onto a "chat room" entitled "Not Yet Legal." The undercover officer communicated with the defendant using the pseudonym "Julie," and described herself as a thirteen year-old female. The conversations between the defendant and "Julie" were sexual in nature, and the defendant inquired whether she would have sex with him if he traveled. to Binghamton, New York to see her. After indicating that she

would, defendant gave "Julie" his work number and urged her to call him.

Representing herself as "Julie," Officer Murray contacted the defendant at his place of business. In a recorded conversation, defendant used sexually explicit and graphic language in describing the type of sexual activity he wished to engage in with "Julie." Defendant then arranged to travel to Binghamton, New York the following week to meet with "Julie." In the days that followed, defendant and "Julie" communicated in an Internet chat room and had a number of telephone conversations initiated by the defendant from both his home in Edison, New Jersey and his office in New York City. These conversations were aimed, in part, at confirming the time and place where the two would meet. On August 28, 1998, defendant traveled from his home in Edison, New Jersey to a park in Binghamton, New York to meet "Julie." Upon arriving at the park, defendant was arrested and taken into custody. Thereafter, defendant gave a written statement to the police admitting that he met "Julie" in an Internet chat room, and arranged to meet her for the purpose of engaging in sex.

In an Indictment filed March 22, 1999, defendant was charged with knowingly and willfully traveling in interstate commerce for the purpose of engaging in a sexual act with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b). The matter was tried before a jury from August 2, 1999 to August 5, 1999. The Court denied defendant's Rule 29 motion following the close of the government's case. On August 5, 1999, the jury returned a verdict of guilty on the single count charged in the Indictment. Defendant now seeks a judgment of acquittal pursuant to FED. R.CRIM. P. 29 or, in the alternative, a new trial pursuant to FED. R.CRIM. P. 33.

## II. Discussion

### A. Rule 29 Motion

■ A defendant challenging the sufficiency of the evidence following a conviction bears a heavy burden. *See United States v. Stephenson,* 183 F.3d 110, 120 (2d Cir.1999) (citing *United States v. Gonzalez,* 110 F.3d 936, 940 (2d Cir.1997)); *United States v. Ragosta,* 970 F.2d 1085, 1089 (2d Cir.), *cert. denied,* 506 U.S. 1002, 113 S.Ct. 608, 121 L.Ed.2d 543 (1992) (citing *United States v. Zabare,* 871 F.2d 282, 286 (2d Cir.), *cert. denied,* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 119 (1989)). "A conviction will be upheld if, 'after viewing the evidence in the light most favorable to the prosecution,' the reviewing court finds that 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ragosta,* 970 F.2d at 1089 (quoting *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781); *see also Stephenson,* 183 F.3d 110, at 120; *United States v. Zagari,* 111 F.3d 307, 327 (2d Cir.), *cert. denied,* 522 U.S. 988, 118 S.Ct. 455, 139 L.Ed.2d 390 (1997); *United States v. Patel,* 1999 WL 615196, at *3 (N.D.N.Y. August 2, 1999). The jury's verdict must be sustained if it was supported by "substantial evidence." *See Ragosta,* 970 F.2d at 1089 (citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)). All reasonable inferences and all issues of credibility must be resolved in favor of the jury's verdict. *See United States v. Allah,* 130 F.3d 33, 45 (2d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 2347, 141 L.Ed.2d 718 (1998); *United States v. Reyes,* 157 F.3d 949, 955 (2d Cir.1998); *United States v. Wallace,* 59 F.3d 333, 338 (2d Cir.1995); *Patel,* 1999 WL 615196, at *3.

In arguing that the evidence presented by the government was insufficient to support the jury's verdict, defendant advances four grounds: (1) no one observed him cross state lines; (2) there was no evidence of his age other than a copy of his driver's license and information provided in his written statement; (3) there was no competent evidence of what he believed prior to his arrest; and (4) the federal statutes at issue contemplate circumstances where

the intended victim is actually under 18 years of age; thus, his conviction cannot be sustained where there was uncontradicted proof that the victim was over 18 years of age. Significantly, defendant has offered no legal authority to support his contentions.

### 1. Travel in Interstate Commerce

■ Defendant first argues that the government failed to prove beyond a reasonable doubt that the defendant knowingly and willfully traveled in interstate commerce. This argument is without merit.

In conversations with "Julie," defendant indicated that he was driving from his home in New Jersey to meet her in Binghamton, New York. Indeed, defendant asked "Julie" for directions from New Jersey to Binghamton, New York. Moreover, defendant admitted that he traveled by car from his home in Edison, New Jersey to Binghamton, New York to meet "Julie" for the purpose of engaging in sex with her. Based on these facts, the jury could have determined that the element of interstate travel was established beyond a reasonable doubt.

### 2. Proof of Defendant's Age

Defendant next argues that there was insufficient evidence to establish his age. This argument is also without merit.

At trial, the government presented documentary evidence indicating that defendant's date of birth was November 7, 1972. This evidence consisted of defendant's employment records, his signed Miranda Warning Report and written statement, and a copy of his New Jersey driver's license. In addition, defendant indicated that he was twenty-six years old in conversations with "Julie." Significantly, defendant has not previously alleged, nor does the record reflect, that defendant ever challenged the accuracy of these documents. Based on these facts, the jury could have found beyond a reasonable doubt that the defendant met the requisite age requirement.

### 3. Defendant's Beliefs Prior to His Arrest Regarding the Age of His Intended Victim

Although defendant offers little detail on this point, it appears that the crux of his argument addresses whether the government proffered sufficient evidence regarding defendant's state of mind with respect to the age of his intended victim.

In conversations with the defendant, Officer Murray identified herself as "Julie," a thirteen year-old female. She maintained this identity throughout all of her communications with the defendant. At trial, however, defendant contended that he believed "Julie" was not in fact thirteen years old, and inquired whether she was a police officer. Thus, the jury was presented with a factual question that required it to assess the credibility of the witnesses and weigh evidence presented by both parties on this issue. Rule 29 does not, however, permit the district court to "substitute its own determination of the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *United States v. Mariani,* 725 F.2d 862, 865 (2d Cir.1984); *see also United States v. Guadagna,* 183 F.3d 122, at 128–29 (2d Cir.1999) ("[I]f the court 'concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.'") (quoting *Curley v. United States,* 160 F.2d 229, 233 (D.C.Cir.), *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947)).

In the present case, the government presented sufficient evidence for the jury to conclude beyond a reasonable doubt that the defendant believed that "Julie" was less than sixteen years-old. Defendant, however, merely speculates on this point, arguing in a broad and conclusory fashion that "there was no evidence of the [d]efendant's age or the discrepancy between his age and that of the 'victim.'" Def. Mem. of Law at Pont I. Thus, the jury, as factfinder, was entitled to reject

defendant's explanation on this point. *See United States v. Artuso,* 618 F.2d 192, 195 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980). Accordingly, defendant's motion for a judgment of acquittal on this ground is without merit. *See Guadagna,* 183 F.3d 122, at 128–29 ("The jury verdict must be upheld if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'") (quoting *United States v. Resto,* 824 F.2d 210, 212 (2d Cir.1987)).

### 4. Whether the Victim Must Actually Be a Minor

■ Defendant argues that notwithstanding the Indictment, the statutes under which defendant was convicted require that the intended victim actually be a minor, i.e., under sixteen years of age.

Under 18 U.S.C. § 2423(b), the government must prove, beyond a reasonable doubt, that defendant crossed state lines with the intent to engage in the conduct proscribed in the statute. *See United States v. Gamache,* 156 F.3d 1, 8 (1st Cir.1998). Thus, section 2423(b) imposes criminal liability in those instances where a person, through a series of acts, intends to achieve a specific objective—to engage in sex with a minor.

Here, defendant's acts included extensive written and oral correspondence with his intended victim and actually traveling to Binghamton, New York to meet "Julie." *See, e.g., id.* at 8. To fall within the purview of section 2423(b), however, it is not required that the intended victim actually be a minor. *See, e.g., United States v. Butler,* 92 F.3d 960, 961 (9th Cir.1996) (police "sting operation" where a fictitious advertisement was placed in an adult magazine inviting someone to instruct young children on sexual matters). Thus, in addressing whether criminal liability attaches under section 2423(b), the fact that the defendant was unable to complete the crime "because the victim[ ] [was] fictitious is not the determining factor." *Id.* at 963. Indeed, a factual mistake regarding the

victim's age is not a valid defense. *See United States v. Hamrick,* 43 F.3d 877, 885 (4th Cir.) (en banc), *cert. denied,* 516 U.S. 825, 116 S.Ct. 90, 133 L.Ed.2d 47 (1995) ("Factual impossibility exists 'where the objective is proscribed by the criminal law but a factual circumstance unknown to the actor prevents him from bringing it about.'") (quoting *United States v. Conway,* 507 F.2d 1047, 1050 (5th Cir.1975)).

In its charge to the jury, the Court specifically noted that the government need only establish that the defendant *believed* that his intended victim was a minor:

The second element the government must prove beyond a reasonable doubt is that the defendant traveled in interstate commerce with the intent to engage in a sexual act with a person he believed to be under 18 years of age.

The question of whether a person acted with intent to engage in a sexual act with a person he believed to be under 18 years of age is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Jury Instructions at 21.

Accordingly, defendant's motion for a judgment of acquittal on this ground is also without merit.

### B. Rule 33 Motion

Defendant last argues that he should be granted a new trial because his due process rights were violated by the Court's decision precluding him from calling Andrew Pandis and Edmund Kok as witnesses at trial. Specifically, the Court ruled that the testimony to be offered by Pandis regarding the stress experienced by the defendant prior to his arrest, and the testimony to be offered by Kok regarding "the defendant's reputation for being a law-abiding citizen who does not exploit or take advantage of others," see Def. Mem. of Law at Point IV, was not relevant to the

offense charged' or a specific character trait at issue.

■■■ The decision to grant a motion for a new trial pursuant to FED. R.CRIM. P. 33 rests within the discretion of the trial judge. *See United States v. Rodriguez,* 738 F.2d 13, 17 (1st Cir.1984); *United States v. Zane,* 507 F.2d 346, 347 (2d Cir. 1974), *cert. denied,* 421 U.S. 910, 95 S.Ct. 1563, 43 L.Ed.2d 775 (1975). Such motions are disfavored and should be granted only with great caution and in exceptional circumstances. *See United States v. Locascio,* 6 F.3d 924, 949 (2d Cir.1993), *cert. denied,* 511 U.S. 1070, 114 S.Ct. 1645, 128 L.Ed.2d 365 (1994); *United States v. Spencer,* 4 F.3d 115, 118 (2d Cir.1993), *denial of post-conviction relief vacated by Bloomer v. United States,* 162 F.3d 187 (2d Cir.1998); *United States .v. Costello,* ·255 F.2d 876, 879 (2d Cir.), *cert. denied,* 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); *United States v. Soblen,* 203 F.Supp. 542, 564 (S.D.N.Y.1961), *aff'd,* 301 F.2d 236 (2d Cir.), *cert. denied,* 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). The burden of proving the need for a new trial lies with the defendant. *See United States v. Sasso,* 59 F.3d 341, 350 (2d Cir. 1995); *Soblen,* 203 F.Supp. at 564. In deciding a Rule 33 motion, the Court may weigh the evidence and determine the credibility of witnesses, *see United States v. Sanchez,* 969 ·F.2d 1409, 1413 (2d Cir. 1992), *cert. denied,* 514 U.S. 1038, 115 S.Ct. 1404, 131 L.Ed.2d 291 (1995), and is not required to view the evidence in the light most favorable to the government. *See United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980). Despite this, the court's discretion is limited; it should only grant a new trial when it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.; see also United States v. Gilbert,* 668' F.2d 94, 96 (2d Cir.1981) ("Most pertinently, the new evidence must be such that it would proba-

bly lead to an acquittal."), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Polisi,* 416 F.2d 573, 577 (2d Cir.1969) ("[The newly discovered · evidence] must be of such a nature that it would probably produce a different verdict in the event of retrial.")

■■■ Under Rule 401 of the Federal Rules of .Evidence, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Abel,* 469 U.S. 45, 50, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Determinations of relevance lie within the sound discretion of the trial judge. *See United States v. Quiroz,* 13 F.3d 505, 514 (2d Cir.1993) (citing *United States v. Diaz,* 878 F.2d 608, 614 (2d Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 543, 107 L.Ed.2d 540 (1989); *United States v. Cruz,* 797 F.2d 90, 95 (2d Cir.1986)).

■■■ Contrary to defendant's argument, the Court did not base its ruling on the witness's lack of competency; rather, it precluded . Pandis. from . testifying because his testimony was not relevant to the offense charged. Simply put, the connection, if any, between defendant's stress level and his ability to pay attention during his conversations with the undercover officer is wholly speculative and not relevant to facts at issue or the elements of the crime charged..

■■■ Kok's testimony that defendant is a law abiding citizen who does not take advantage of others is equally irrelevant. Specifically, Kok's proposed testimony regarding the defendant's reputation is not relevant to whether the defendant was less likely to have· committed the crime with which he was charged. *See United States v. Pujana–Mena,* 949 F.2d 24, 29 (2d Cir. 1991) ("Evidence that a defendant is regarded as an honest and ·law-abiding citizen by members of his community is not so probative of the question of whether defen-

dant is guilty or not guilty that the jury should be invited to consider it apart from, and possibly to the exclusion of, the other evidence in the case. Indeed, character evidence often possesses limited probative value in determining whether the defendant committed the specific crime charged.") When viewed in their totality, defendant's arguments are based on little more than rank speculation which fail to constitute prejudicial error sufficient to warrant a new trial. Accordingly, defendant's motion for a new trial on this ground is denied.

### III. Conclusion

For the reasons stated above, defendant's motion for judgment of acquittal or, in the alternative, a new trial is DENIED.

**IT IS SO ORDERED.**