**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERT EARL BOLDEN, JR.,

Defendant-Appellant.

No. 00-6434
(D.C. No. 99-CR-59-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Albert Earl Bolden, Jr. was indicted and convicted on eight counts, including one count of conspiracy to distribute cocaine base (crack cocaine), 21 U.S.C. § 846, one count of maintaining a place for the purpose of distributing crack cocaine, 21 U.S.C. § 856(a)(1), four counts of distributing crack cocaine, 21 U.S.C. § 841(a)(1), one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and one count of aiding and abetting the distribution of crack cocaine, 18 U.S.C. § 841(a)(1), 18 U.S.C. § 2. He was sentenced to 360 months in prison to be followed by six years of supervised release. On appeal, defendant complains that there was insufficient evidence to support his conviction, and that the district court erred in its drug quantity calculation and in its finding of obstruction of justice in determining his sentence under the United States Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## I. Background

In 1996, the FBI began a long-term investigation of crack cocaine sales in the Elk City and Clinton, Oklahoma, areas. By August of 1998, the FBI began to focus the investigation on two individuals thought to be dealing in crack cocaine–the defendant and Gary Bolden, defendant's brother. Based on information acquired by several crack cocaine users, the FBI and local authorities executed a search warrant at defendant's residence. Neither defendant nor his

wife were in the residence, but the police found crack cocaine, a .380 automatic pistol and ammunition, and what they thought to be a drug ledger, containing the names of known and suspected crack cocaine users linked to varying amounts of money.

At that time, the police already had obtained evidence from a controlled buy of crack cocaine from defendant on August 31, 1998, but to develop the strength of its case, the FBI decided to set up more controlled buys from defendant and his brother. The FBI ultimately convinced defendant's brother-in-law to make two controlled buys, which were done in January and February of 1999.

Based on evidence obtained against him, defendant's brother Gary also agreed to participate as an informant for the FBI, making controlled buys from other suspected dealers in the area. When asked to make a controlled buy from defendant, Gary Bolden initially agreed but ultimately told his brother about the undercover operation against him. This led to the end of the investigation as well as to several arrests.

At trial, the government put on numerous witnesses, including crack cocaine users who bought routinely from defendant, as well as those who bought crack cocaine while being monitored. At the end of the government's case, defendant made a motion for judgment of acquittal, which was denied. Both

defendant and his wife took the stand, where they denied knowing several of the witnesses and denied knowledge of any criminal wrongdoing whatsoever. The jury returned guilty verdicts on all counts.

At three separate sentencing hearings, defendant lodged a number of objections to the pre-sentence report. Following those hearings, the government urged the court to attribute 840.0679 grams of crack cocaine to defendant for purposes of the drug quantity computation under the Sentencing Guidelines. In his sentencing memorandum, defendant argued that, based on the evidence at trial, the amount of crack cocaine attributed to him should instead be 385.1631 grams. [1] The district court agreed with defendant and adopted a drug quantity calculation of 380.88 grams, dropping defendant's base offense level from 36 to 34. The district court then increased defendant's base offense by two levels each for obstruction of justice and possession of a firearm. Defendant now appeals, arguing his guilty verdict is not supported by sufficient evidence and that the district court erred in overruling his objections concerning the court's drug computation and its obstruction of justice sentence enhancement.

---

[1] In the alternative, the defendant argued that *no* amounts of crack cocaine should be attributed to him based on *Apprendi v. New Jersey,* 530 U.S. 466 (2000). That argument has been dropped in this appeal.

## II. Sufficiency of the Evidence

We review de novo the district court's ruling on a motion for judgment of acquittal and the sufficiency of the evidence to support the judgment. *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000). We inquire "'only whether taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th Cir. 1999)). The scope of our review is limited; we "'may neither weigh conflicting evidence nor consider the credibility of witnesses.'" *Id.* (quoting *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997)). "Defendants challenging a conviction on sufficiency of the evidence grounds face a difficult standard of review as we reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Spring*, 80 F.3d 1450, 1459 (10th Cir. 1996) (further quotations and internal citation omitted).

In addition to the physical evidence of crack cocaine and paraphernalia produced from the search of defendant's residence, the government also produced taped audio evidence of three controlled buys of crack cocaine from defendant, all witnessed under standard procedures by law enforcement authorities who testified

as to their roles in the undercover work. The government also produced fourteen other witnesses, all of whom testified as to either buying crack or helping defendant sell crack cocaine, often on numerous occasions, either in the street or in his place of residence. Likewise, the government produced a firearm found during the search of defendant's chest of drawers. Although defendant denied any knowledge of the weapon, one witness testified that he traded a .380 handgun, which he specifically identified as the handgun in evidence, to defendant for crack cocaine. Another witness testified she had seen defendant with a pistol on numerous occasions, and that she had personally traded other guns to defendant for crack cocaine.

As to the conspiracy charge, defendant argues that there was insufficient evidence of any agreement between himself and others to distribute crack cocaine. However, several witnesses, including defendant's brother, testified that on many occasions defendant would give the drug to them with the express or implied understanding that it be further distributed. Usually, according to these witnesses, this was done in exchange for cash or crack itself.

Given their personal circumstances, these witnesses and their testimony could certainly be eyed with some degree of caution by the jury. And, indeed, the record reflects defense counsel spent a great deal of time on cross-examination, as he does on appeal, pointing out their defects in character and possible bias.

Nevertheless, as we have frequently stated, credibility determinations in these cases are not the province of this court, but rather are "the exclusive task of the fact trier." *United States v. Youngpeter*, 986 F.2d 349, 352-53 (10th Cir. 1993). We therefore conclude, after a thorough review of the record, that the evidence was sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt on each of the eight counts.

### III. Sentencing

Defendant first argues that the district court erred when it calculated amounts of crack cocaine attributable to him for purposes of sentencing. This argument is without merit. After a lengthy discussion at the June 1, 2000 sentencing hearing regarding evidence of drug amounts, defense counsel was directed to prepare a sentencing memorandum demonstrating drug amounts properly attributable to defendant based on the testimony at trial. In that memorandum, defendant vehemently argued against being placed at a base offense level of 36, founded on the drug quantity calculation urged by the government of 840.0679 grams of crack cocaine. Instead, defendant argued that his offense level should be 34, based on the attribution to him of 385.1631 grams of crack cocaine. This concession was tied to specific witness testimony, including that of defendant's brother, Gary, and was based on substantial evidence in the record.

The district court subsequently directed the probation officer to amend the pre-sentence report to reflect a quantity of crack cocaine based on the court's own findings of fact, including what defendant himself believed to be the proper amount. Indeed, the district court ultimately attributed an amount of cocaine slightly less than the defendant argued was properly tied to himself. To argue now, as defendant does on appeal, that the amount he attributed to himself and urged upon the district court is inaccurate and leads to reversible error is disingenuous. *See United States v. Johnson*, 183 F.3d 1175, 1178-79 n.2 (10th Cir. 1999) (party may not induce action by a court and later seek reversal saying the requested action was error). Therefore, we find no error in the district court's calculation of the amount of crack cocaine attributable to defendant.

Next, defendant argues the district court erred in enhancing his sentence by two base levels for obstruction of justice pursuant to United States Sentencing Guidelines Manual § 3C1.1. Defendant cites a number of cases, essentially arguing that the district court failed to follow the proper procedure in applying that section.

In sentencing appeals, "[w]e review the district court's factual findings under the clearly erroneous standard and review its applications of the Sentencing Guidelines de novo." *United States v. Roberts*, 185 F.3d 1125, 1144 (10th Cir. 1999). "In order to apply the § 3C1.1 enhancement, it is well settled that

a sentencing court must make a specific finding – that is, one which is independent of the jury verdict – that the defendant has perjured [himself]." *United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir. 1995) (citing *United States v. Dunnigan*, 507 U.S. 87, 95 (1993)). While it is a requirement in this circuit that the perjurious statement be specifically identified or described, *see id.* at 1573-74, the Supreme Court in *Dunnigan* instructs us that a district court's determination of enhancement is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95. Thus, we have stated that "once the perjurious testimony is identified, *Dunnigan* then permits fairly conclusory findings that such testimony was false, material, and given with intent to commit perjury and we are able to meaningfully review those findings against the record." *Massey*, 48 F.3d at 1574.

In this case the district court stated:

Counsel also objected to the two-level enhancement for obstruction of justice. . . . Testimony on a material matter which is known to be false and is not the result of some kind of mistake, bad memory, slip of the lip, or inadvertence is the kind of perjury that will cause an adjustment under the guidelines. The Court found that is what happened in this case and overruled the objection. The Court noted Mr. Bolden's testimony denying any drug transactions is perjurious under that test. The Court in applying knowledge of the ways of the world and the application of common sense looked at the testimony denying knowledge that the weapon in this case was in the underwear drawer; that his wife put it there; or that Mr. Bolden was unaware the gun was there. The Court found the testimony too preposterous for

belief at least by a preponderance of the evidence. The Court found the same for the ammunition hanging in the bedroom.

Aplt. App., at 109-10. These findings satisfy us that the district court applied the Sentencing Guidelines appropriately under the legal standards of this circuit. Given the ample evidence we have read in the record against defendant, all of which was denied under oath, we conclude that the district court's findings of obstruction of justice were not clearly erroneous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge