**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRET ERICKSON, also known as
Brett Erickson,

    Defendant-Appellant.

No. 03-8018
(D.C. No. 02-CR-34-D)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Bret Erickson pled guilty to interstate travel with intent to engage in a

sexual act with a minor, in violation of 18 U.S.C. § 2423(a). The district court

sentenced him to fifty-one months of incarceration and ordered him to pay

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

restitution in the amount of $138,996.61. Mr. Erickson appeals, claiming the restitution order is illegal. We affirm.

The amount the district court ordered Mr. Erickson to pay derives from the costs borne by the State of Wyoming in its care for the minor victim of Mr. Erickson's crime. The district court made Mr. Erickson jointly and severally liable for these costs with the other perpetrators of sex crimes against the victim. The district court gave Mr. Erickson seven years and three months to pay the full amount in monthly installments of no less than fifty dollars.

Mr. Erickson's first allegation as to the illegality of the restitution order is that the government failed to prove the amount of the state's loss, and the sentencing court failed to make findings as to loss. The court clearly drew from the presentence report in ordering restitution because the amount it ordered Mr. Erickson to pay is identical to the amount recommended there. According to that report, the $138,996.61 includes $59,091.61 already expended by the state for the victim's care and $105 per day for the cost of future treatment. The report also notes that due to the severity of her psychological damage, the victim will remain a ward of the state until she reaches the age of eighteen. Mr. Erickson lodged no objection to the report. "Absent such a challenge, the sentencing court can rely on any uncontested facts contained in the presentence report without requiring production of evidence." *United States v. Patty*, 992 F.2d 1045, 1051 n.5 (10th

Cir. 1993). Consequently, the state was not required to present additional evidence as to the amount of loss.

Mr. Erickson's quarrel with the district court's failure to make specific findings is meritless because "the sentencing court need not make specific factual findings unless the restitution amount is disputed." *United States v. Gabriele*, 24 F.3d 68, 72 (10th Cir. 1994) (citing 18 U.S.C. § 3664(d)). Mr. Erickson never objected to paying restitution for the costs the state had already expended on the victim's behalf, so the court's order as to that amount will only be reversed for plain error. *United States v. Herndon*, 982 F.2d 1411, 1420 (10th Cir. 1992). He did object to the "amount over and above that already incurred by the state." Sent. Tr. at 68. This court reviews "the amount of the restitution order for an abuse of discretion." *United States v. Rogat*, 924 F.2d 983, 985 (10th Cir. 1991).

The presentence report adopted by the court indicated the victim would be in the state's care until the age of majority. At the sentencing hearing, the district court found "[t]he impairment of this child's intellectual, psychological, emotional and behavioral functioning is unquestioned and severe beyond any that I have seen as a sentencing judge. . . . Based on the testimony of [psychologists attending the victim], the Court is satisfied, beyond any possible doubt, that this child's condition bespeaks severe sexual and physical abuse which will have long-lasting impact." Sent. Tr. at 55. Ordering Mr. Erickson to pay costs already

expended to treat this severe trauma was not error, much less plain error. Moreover, we cannot hold that including in its restitution order the costs of the victim's uncontested long-term care needs was an abuse of discretion.

Mr. Erickson also asserts his restitution order is illegal because it includes losses attributable to other defendants. He raises this argument for the first time on appeal, so we review it for plain error. *Herndon,* 982 F.2d at 1420. We first note the statute under which Mr. Erickson received his restitution sentence states that "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution." 18 U.S.C. § 3664(h). In addition, Dr. Lindberg, who treated the victim, testified at Mr. Erickson's sentencing hearing that the severe, collaborative abuse of this child was cumulative in effect and could not be apportioned to individual perpetrators of crimes against her. *See* Sent. Tr. at 29-32. In relation to Mr. Erickson's crimes, the district court found:

> It is no defense for this defendant to say there were other partners; that there were other people who are complicit. He knowingly preyed upon this child, exacerbating the extent of her victimization. He knew that others were abusing her; and he knew some of the manner and means by which they were accomplishing this abuse. He used that for his own purpose.

*Id.* at 55-56. The district court did not commit plain error in making Mr. Erickson jointly and severally liable for the full cost of this victim's treatment and care.

Finally, Mr. Erickson argues "the district court's failure to make any

-4-

inquiry or finding regarding his financial condition mandates reversal." Once again, Mr. Erickson did not make this argument to the district court, so our review is for plain error. The Mandatory Victim Restitution Act (MVRA) mandates that a court "order [restitution paid] in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). This court has previously addressed the same claim brought by a defendant who pleaded guilty to the same crime as Mr. Erickson. *See United States v. Johnson*, 183 F.3d 1175, 1178-79 (10th Cir. 1999). We held then and reiterate now that § 3663A(c)(1)(A)(i) of the MVRA "requires federal district courts to order restitution to the victim of [a crime of violence] regardless of the defendant's ability to pay." *Johnson*, 183 F.3d at 1179. The district court need not make findings concerning a matter it has been instructed not to consider. Mr. Erickson has not demonstrated plain error as to the district court's restitution order.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge
